THE JOHN R. PENROSE.

THE WM. J. LIPSETT.

SMITH et al. v. THE WM. J. LIPSETT.

(District Court, E. D. Pennsylvania. April 22, 1898.)

COLLISION—COST OF REPAIRS—ROTTENNESS OF INJURED PART.

The rule that, in collision cases, the respondents must pay the cost of repairs rendered necessary by their carelessness, does not apply where the part injured was rotten and unfit for use, and the injury was as justly attributed to that fact as to the collision. In such case, only half damages will be allowed.

This was a libel in admiralty by the owners of the schooner John R. Penrose against the schooner William J. Lipsett to recover damages resulting from a collision of the two vessels in Delaware Bay. The Lipsett was heretofore held to be solely in fault (81 Fed. 623), and the cause is now heard on the commissioner's report on the question of damages.

Horace L. Cheyney and John T. Lewis, for libelant.

Curtis Tilton, for respondent.

BUTLER, District Judge. With much reluctance, and only because he believed the authorities required it, the commissioner allowed the entire cost of the new bowsprit. I agree with him that the allowance

is inequitable; and do not feel constrained by the authorities to acquiesce in it. The rule is well settled in collision cases that respondents must pay the cost of repairs rendered necessary by their carelessness, notwithstanding the value of the vessel may be increased thereby. The rule sometimes works apparent injustice, and is not enforced against insurers. Where, however, the injuries may as justly be attributed to the worn-out or rotten condition of the vessel as to the collision, the rule should not be applied. The cases are not entirely clear respecting this, but I think the exception is fully recognized. Sturgis v. Clough, 1 Wall. 269, 272; The N. B. Starbuck, 29 Fed. 793; The Reba, 22 Fed. 546; The Syracuse, 18 Fed. 830. Here the bowsprit was rotten and unfit for use. The vessel was unseaworthy in this respect, and should not have gone out until repaired. The commissioner virtually so finds; and the testimony leaves no doubt of the fact. Her master substantially admits it. She might possibly have been used in this condition for a short time, but not without risk. She was in fault therefore in going out in such condition. To compel the respondent to pay the entire cost of a new bowsprit, which the libelant should have put in before starting, would be clearly unjust. Under the circumstances I will treat both parties as in fault to this extent, and will allow the libelant one-half the cost, which appears to be $85, reducing the balance against the respondent to $665.72; and for this sum a decree may be entered. I do not find anything in the evidence that would justify further interference with the commissioner's report.